IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACK FERM,<br>Plaintiff,<br>v.<br>CASEY CAMERON, et al.<br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO SEAL<br><br>Case No. 4:26-cv-00089-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion to Seal.[1] Plaintiff seeks to seal certain exhibits to his Complaint relating to his claim for SNAP benefits.[2] Plaintiff argues these "[e]xhibits contain sensitive personal information, including Plaintiffs private contact information, fax numbers, dates of decision notices, and other personal identifiers that are not necessary for public access to adjudicate the merits of this case."[3] Having revied Plaintiff's Motion, it is denied.

"In the United States, there is both a constitutional (First Amendment) and common law right of public access to judicial documents."[4] "'The party seeking to overcome the presumption' of public access to [court] documents 'bears the burden of showing some significant interest that

[1] Docket No. 3, filed August 13, 2026.

[2] Docket No. 8.

[3] Docket No. 3, at 1.

[4] *Veleron Holding, B.V. v. Stanley*, No. 12 Civ. 5966(CM), 2014 WL 1569610, at *6 (S.D.N.Y. Apr. 16, 2014); *see also United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) ("Courts have long recognized a common-law right of access to judicial records.") (citation omitted).

outweighs the presumption.'"[5] The potential for reputational harm is typically not enough to overcome the heavy presumption in favor of keeping court records open to the public.[6]

Here, Plaintiff has not met his burden of overcoming the presumption of openness. Plaintiff points to personal contact information. However, every document Plaintiff files contains his contact information. Any sensitive personal information revealed only has the potential for reputational harm, which is not a sufficient basis to seal the records. Plaintiff's references to dates of decision notices and other personal identifiers are too vague to overcome the presumption.

It is therefore

ORDERED that Plaintiff's Motion to Seal (Docket No. 3) is DENIED. The Clerk of Court is directed to unseal the documents contained in Docket No. 8.

DATED this 17th day of August 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[5] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[6] *See Miller v. Fluent Home, LLC*, No. 2:20-CV-00641-JCB, 2020 WL 5659051, at *1–2 (D. Utah Sept. 23, 2020) (denying motion to seal despite defendant's claim of reputational harm).