IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACK FERM,<br><br>Plaintiff,<br><br>v.<br><br>CASEY CAMERON, et al.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO SEAL<br><br>Case No. 4:26-cv-00089-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion to Seal.[1] Plaintiff seeks to seal certain information in his application to proceed in forma pauperis ("IFP application").[2] Plaintiff argues that information contained in the IFP application "includes highly sensitive personal financial data, government benefit information, and details that expose Plaintiff to identity-theft risk and unnecessary public disclosure of poverty-related information."[3]

"In the United States, there is both a constitutional (First Amendment) and common law right of public access to judicial documents."[4] "'The party seeking to overcome the presumption' of public access to [court] documents 'bears the burden of showing some significant interest that

[1] Docket No. 10, filed August 13, 2026.

[2] Docket No. 2.

[3] Docket No. 10, at 2.

[4] *Veleron Holding, B.V. v. Stanley*, No. 12 Civ. 5966(CM), 2014 WL 1569610, at *6 (S.D.N.Y. Apr. 16, 2014); *see also United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) ("Courts have long recognized a common-law right of access to judicial records.") (citation omitted).

outweighs the presumption.'"[5]

Plaintiff cites Federal Rule of Civil Procedure 5.2 in support of his request.[6] Rule 5.2(a) provides that a party filing an electronic filing with the court that contains an individual's birth date, the party making the filing "may include only . . . the year of the individual's birth." Rule 5.2(h) establishes that a "person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Finally, Rule 5.2(e) provides that "[f]or good cause, the court may by order in a case: (1) require redaction of additional information; or (2) limit or prohibit a nonparty's remote or electronic access to a document filed with the court."

Here, Plaintiff has included his and his spouse's day and year of birth in the IFP application. As it applies to Plaintiff, he has effectively waived his protection under Rule 5.2(h) by filing an unredacted version of his own information the IFP application. While the Court will order that the Plaintiff's motion to seal the IFP application is granted, the Court requires that Plaintiff file a version of the IFP application redacting only his spouse's day of birth in accordance with Rule 5.2(a)(2).

The Court turns to the remaining information that Plaintiff alleges will cause him harm if unsealed. Plaintiff has failed to show that there is good cause for the Court to order either additional redaction or limitations on the access to the IFP application as filed with the Court. Rule 5.2 permits only the redaction of personal identifying information, and "does not otherwise authorize courts to redact, seal or restrict the public's access to electronic files or documents that a party finds embarrassing."[7] While Plaintiff claims that "[d]isclosure of government assistance is

---

[5] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[6] Docket No. 10, at 1.

[7] *Andersen v. Fenn*, No. 20-553 JFR, 2020 WL 11626229, at * 2 (D.N.M. Aug. 20, 2020).

recognized as sensitive and unnecessary for public access," and asserts that other courts "have repeatedly sealed similar information to protect litigants from embarrassment, harassment, and exploitation,"[8] he fails to cite to any case law that supports his assertions, thereby failing to overcome the presumption he is burdened with.

It is therefore

ORDERED that Plaintiff's Motion to Seal (Docket No. 10) is GRANTED. The Clerk of Court is directed to seal the document contained in Docket No. 2.

It is further

ORDERED that Plaintiff file a redacted copy of the IFP application, redacting only the month and day of his spouse's birth.

DATED this 18th day of August 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

[8] Docket No. 10, at 3.