THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JACK FERM,<br><br>Plaintiff,<br><br>v.<br><br>CASEY CAMERON, et al.,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 4:26-cv-00089-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

Before the Court is Plaintiff Jack Ferm's Ex Parte Motion for Temporary Restraining Order.[1] Plaintiff previously filed a similar motion for emergency injunctive relief seeking reinstatement of his SNAP benefits;[2] however, he then represented to the Court that he had received the benefits to which he claimed entitlement, rendering his request for an injunction moot.[3] In the instant Motion, Plaintiff asks the Court to prevent the Utah Department of Workforce Services ("DWS") from suspending, terminating, or reducing his SNAP benefits "based on verification notices that are mailed late, received after the stated deadlines, or otherwise fail to comply with federal notice and due-process requirements."[4] For the reasons below, the Court denies the Motion.

Federal Rule of Civil Procedure 65(b)(1) provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:

[1] ECF No. 16, filed August 17, 2026.
[2] ECF No. 4, filed August 13, 2026.
[3] ECF No. 9, filed August 16, 2026; ECF No. 12.
[4] ECF No. 16 at 1.

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant[] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.[5]

Here, Plaintiff has failed to certify in writing any efforts made to give notice, and he has failed to explain why notice should not be required. Additionally, he has failed to make a clear showing that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition. Plaintiff represents in his Affidavit that he received a verification notice from DWS on August 16, 2026, to which he timely responded on August 17, 2026.[6] He now suspects that his benefits will be suspended on September 5, 2026, because DWS has suspended his benefits in the past based on verification notices that were mailed late and received after relevant deadlines such that Plaintiff could not timely respond to the notices. This anticipated injury, however, lacks the immediacy sufficient to justify ex parte injunctive relief. For these reasons, the Court cannot grant Plaintiff's temporary restraining order on an ex parte basis.

Nonetheless, even were Court to give notice to Defendants and thereafter consider the merits of Plaintiff's Motion, the Court would deny the request. "Preliminary injunctive relief—whether a temporary restraining order or a preliminary injunction—'is an extraordinary remedy never awarded as of right.'"[7] Because preliminary injunctive relief is a drastic remedy and "the

[5] Fed. R. Civ. P. 65(b)(1) (emphasis added).
[6] ECF No. 17 ¶¶ 6–7.
[7] *Schiermeyer ex rel. Blockchain Game Partners, Inc. v. Thurston*, 697 F. Supp. 3d 1265, 1269 (D. Utah 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

exception rather than the rule[,]"[8] a movant's "right to relief must be clear and unequivocal."[9] To establish entitlement to such relief, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest."[10]

"'[T]he single most important prerequisite' to preliminary injunctive relief is 'a showing of probable irreparable harm.'"[11] "A party's harm is *irreparable* 'when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain.'"[12] Such harm must also be "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."[13] Furthermore, it is insufficient that a mere "possibility" of irreparable, imminent harm exists; rather, a party seeking preliminary injunctive relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction."[14] In short, "[t]o constitute irreparable harm, an injury must be certain, great, actual and not theoretical."[15]

Again, Plaintiff suspects that his benefits will be suspended on September 5, 2026, because DWS has suspended his benefits in the past based on verification notices that were mailed late and received after relevant deadlines such that Plaintiff could not timely respond. Notably, DWS has

---

[8] *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020), *abrogated on other grounds by Garland v. Cargill*, 602 U.S. 406 (2024).
[9] *Id*.
[10] *Winter*, 555 U.S. at 20.
[11] *Thurston*, 697 F. Supp. 3d at 1269 (quoting *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017)).
[12] *Id*. (emphasis in original) (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001)).
[13] *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (emphasis in original).
[14] *Winter*, 555 U.S. at 22 (emphasis in original).
[15] *Heideman*, 348 F.3d at 1189 (citation modified).

apparently always reinstated the benefits shortly thereafter,[16] but even assuming that the suspension of benefits for a short period could rise to the level of irreparable harm sufficient to justify injunctive relief, Plaintiff has failed to show that any such suspension here is likely to occur. Plaintiff represents that he received the relevant notice on August 16, 2026.[17] The notice states that Plaintiff is to complete the "Self-Employment Information Sheet" and return it to the local DWS office by 5:00 p.m. on August 24, 2026.[18] And Plaintiff represents that he responded on August 17, 2026.[19] Therefore, this particular notice was not mailed or received late such that Plaintiff did not have opportunity to timely respond. Indeed, he received it within the response period, and he timely responded. The fact that DWS has suspended Plaintiff's benefits for his failure to timely respond in the past does not give rise to even an inference that DWS will suspend those benefits here where Plaintiff has timely responded. Plaintiff's benefits being suspended on September 5, 2026, is, rather, entirely speculative. As such, Plaintiff has not shown that he is likely to suffer irreparable harm in the absence of an injunction, and he is not entitled to the extraordinary remedy of preliminary injunctive relief.[20]

**ORDER**

Therefore, IT IS HEREBY ORDERED that Plaintiff's Ex Parte Motion for Temporary Restraining Order (ECF No. 16) is DENIED.

---

[16] ECF No. 17 ¶ 4.
[17] *Id.* ¶ 6.
[18] ECF No. 16, Ex. B.
[19] ECF No. 17 ¶ 7.
[20] *See State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 890 (10th Cir. 2021) ("When the failure to satisfy one factor is dispositive, a court need not consider the other factors.").

SIGNED this 19th day of August 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge