IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACK FERM,<br>Plaintiff,<br>v.<br>CASEY CAMERON, et al.<br>Defendants. | MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT<br><br>Case No. 4:26-cv-00089-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter comes before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915 and DUCivR 3-2. For the reasons discussed below, the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

## I. BACKGROUND

Plaintiff is a recipient of benefits under the Supplemental Nutrition Assistance Program ("SNAP"). "To maintain SNAP benefits, individuals must recertify their SNAP eligibility, typically on an annual basis."[1] Plaintiff complains of various abnormalities with his recertification processes, including untimely notices, unreasonable demands, lost documents, and delayed or denied benefits. Plaintiff claims that his loss of SNAP benefits has required him to borrow money in order to purchase food. Plaintiff brings thirty causes of action against nine state officials in both their official and personal capacities flowing from this alleged conduct.

[1] *Holmes v. Bax*, --- F.4th ----, 2026 WL 2421803, *1 (8th Cir. Aug. 19, 2026).

## II. DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[2]

### A. CLAIMS FOR WHICH THERE IS NO PRIVATE RIGHT OF ACTION

Plaintiff asserts claims alleging various violations of regulations promulgated under SNAP.[3] The Court agrees with those courts that have concluded that there is no private right of action to enforce those provisions.[4] Therefore, these claims should be removed. To the extent that there may be a viable claim for violations of 7 U.S.C. § 2020 under 42 U.S.C. § 1983, Plaintiff's Complaint is deficient and must be amended to demonstrate that Congress, "in clear

---

[2] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

[3] Docket No. 1, at 11–23.

[4] *Holmes*, ---F.4th---, 2026 WL 2421803, at *8–10; *Andrew v. Hedberg*, No. 3:23-cv-00044-SLG, 2026 WL 1431090, at *4–12 (D. Alaska May 21, 2026); *Probst v. Adams Cnty. Sheriff Dep't*, No. 1:20-cv-00032-DCN, 2020 WL 5258453, at *4–5 (D. Idaho Sept. 3, 2020); *Barry v. Corrigan*, 79 F. Supp. 3d 712, 734 (E.D. Mich. 2015) ("The SNAP Act does not explicitly confer a private right of action to enforce its provisions."), *aff'd sub nom. Barry v. Lyon*, 834 F.3d 706 (6th Cir. 2016); *Trefry v. Tracy*, No. 14-0044, 2014 WL 2154263, at *4 (D. Me. May 22, 2014), *aff'd* No. 14-1703 (1st Cir. June 25, 2015) ("Failure to comply with [SNAP Act] and other statutory requirements exposes a state to a suit by the Attorney General in federal court . . . but there is no similar provision authorizing enforcement actions by private citizens.").

and unambiguous terms," meant for SNAP "to create new rights enforceable under an implied private right of action."[5]

B. OFFICIAL CAPACITY CLAIMS

Plaintiff asserts claims against all Defendants in both their official and individual capacities. However, damages claims against state officials in their official capacity are barred by Eleventh Amendment immunity.[6] Instead, official capacity claims may be maintained if Plaintiff "seeks only prospective injunctive or declaratory relief against state officials for an ongoing violation of federal law."[7] Plaintiff's Complaint does not adequately distinguish the relief he seeks and therefore must be amended to clarify which claims are asserted against Defendants in their individual capacities and which are asserted in their official capacities.

C. SUPERVISOR LIABILITY

Plaintiff may not name individuals as defendants based solely on supervisory position.[8] In order to state a claim under 42 U.S.C. § 1983, a complaint must allege personal participation by the defendant.[9] Such personal participation must be alleged by showing an affirmative link between the defendant and the challenged conduct, either through the defendant's actual conduct or the defendant's acquiescence in a constitutional violation.[10] Thus, a complaint must "make

---

[5] *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002).

[6] *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

[7] *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 632 (10th Cir. 1998).

[8] *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

[9] *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976).

[10] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976).

clear exactly *who* is alleged to have done *what* to *whom*."[11] "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim."[12] Therefore, Plaintiff must amend his Complaint to allege facts establishing personal participation by Defendants or to remove those Defendants.

Plaintiff also brings a claim against Defendant Cameron for failure to train and supervise. Plaintiff fails to identify any specific deficiency in Cameron's training or supervision of the employees at the Department of Work Force Service. Plaintiff's allegations are conclusory and must be amended to provide sufficient detail to enable a response.[13]

D. CLAIMS THAT ARE INADEQUATELY PLEADED

Under Federal Rule of Civil Procedure 8, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." As explained by the Tenth Circuit, compliance with Rule 8 requires that a pleading set forth the court's jurisdiction and identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[14] These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the Court to

---

[11] *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

[12] *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)).

[13] *See Sanaah v. Howell*, 384 F. App'x 737, 740 (10th Cir. 2010) (affirming dismissal of plaintiff's supervisory liability claims where plaintiff provided "only general and conclusory allegations, unsupported by facts, that [defendants] showed deliberate indifference by failing to supervise or train their employees").

[14] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

conclude that, if proven, the allegations show that Plaintiff is entitled to relief.[15]

Plaintiff's Complaint engages in improper "group pleading." Nearly all causes of action are directed at all "Defendants" and, therefore, Plaintiff fails to plead allegations with enough particularity for any Defendant to know what specific legal right it allegedly violated. The Tenth Circuit has rejected the practice of "group pleading" where a complaint uses "Defendants" as a collective term and fails to distinguish what acts are attributable to which defendant.[16] Therefore, Plaintiff must clarify his allegations as they relate to each named Defendant. Moreover, Plaintiff's Complaint is replete with conclusory allegations that are insufficient to survive dismissal. Plaintiff should include additional information to support his claims.

E. DUPLICATIVE CLAIMS

Plaintiff states separate causes of action for his due process claims under the Fifth Amendment and Fourteenth Amendment. "The Due Process Clause of the Fifth Amendment applies only to action by the federal government while the Due Process Clause of the Fourteenth Amendment applies to actions by state governments."[17] Because Plaintiff asserts claims against state officials acting under color of state law, his claim is appropriately addressed under the Fourteenth Amendment and his duplicative claim under the Fifth Amendment should be removed.

---

[15] *See Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989); s*ee also Nasious*, 492 F.3d 1163 (a plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits").

[16] *See, e.g., Robbins*, 519 F.3d at 1250 ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

[17] *Koessel v. Sublette Cnty. Sheriff's Dep't.*, 717 F.3d 736, 748 n.2 (10th Cir. 2013).

Similarly, Plaintiff has two separate causes of action for intentional infliction of emotional distress, two separate causes of action for an unconstitutional taking, and two claims under the First Amendment. Each duplicative claim appears to be based on largely the same allegations. Plaintiff should remove one of these claims or combine them in his amended complaint.

F. CLAIMS THAT ARE NOT SEPARATE CAUSES OF ACTION

Plaintiff also asserts separate causes of action for declaratory relief, injunctive relief, punitive damages, and attorney's fees and costs. "[T]he Declaratory Judgment Act does not provide an independent federal cause of action."[18] Similarly, a request for injunctive relief is a remedy, not an independent claim.[19] The same is true for punitive damages[20] and attorney's fees.[21] Moreover, as a pro se party, Plaintiff is not entitled to attorney's fees under 42 U.S.C. § 1988 should he prevail,[22] so that request should be removed. While Plaintiff may request declaratory and injunctive relief, punitive damages, and costs in his prayer for relief, there is no need for that requested relief to be included as stand-alone claims. As such, Plaintiff's amended complaint should remove these claims as independent causes of action, recognizing that Plaintiff may continue to seek the same relief.

G. SPECIFIC CLAIMS

The following claims contained in Plaintiff's Complaint are inadequately pleaded and should be removed or re-pleaded.

---

[18] *Nero v. Oklahoma*, No. 22-6121, 2022 WL 14423872, at *2 (10th Cir. Oct. 25, 2022).

[19] *Romstad v. City of Colo. Springs*, 650 F. App'x 576, 585 n.7 (10th Cir. 2016).

[20] *See Mason v. Texaco, Inc.*, 948 F.2d 1546, 1554 (10th Cir. 1991).

[21] *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1199–1200 (10th Cir. 1998).

[22] *See Kay v. Ehrler*, 499 U.S. 432, 437–38 (1991).

*1. False Claims Act*

Plaintiff attempts to bring a qui tam claim under the False Claims Act. However, "[a] pro se litigant may not bring a qui tam action."[23] Therefore, this claim should be removed from the Amended Complaint.

*2. Takings Clause*

Plaintiff attempts to assert a claim under the Takings Clause of the Fifth Amendment. However, public benefits such as SNAP "are not contractual and may be altered or eliminated at any time."[24] As such, there is no taking when those benefits are altered.[25]

*3. Civil Conspiracy*

Plaintiff's civil conspiracy claim is largely conclusory, consisting of conclusory allegations that Defendants "coordinated" and acted "jointly." These allegations are insufficient to state a claim for civil conspiracy and must be amended.

*4. Intentional Infliction of Emotional Distress*

To the extent Plaintiff attempts to allege a state-law claim for intentional infliction of emotional distress, further detail is required. "In order to demonstrate the intentional infliction of emotional distress [IIED], a plaintiff must show: (1) intentional or reckless conduct (2) which is 'of such a nature as to be considered outrageous and intolerable in that [it] offend[s] against the

---

[23] *United States ex rel. May v. United States*, 839 F. App'x 214, 217 (10th Cir. 2020); *Prescott v. Alpine Home Med. Supply*, No. 2:26-cv-00034-RJS-DBP, 2026 WL 2116359, at *2 & n.11 (D. Utah July 6, 2026).

[24] *United States R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 174 (1980).

[25] *See, e.g., Bowen v. Gilliard*, 483 U.S. 587, 604–09 (1987) (no property right for takings purposes to continued welfare benefits at same level); *Schroeder v. City of Chi.*, 927 F.2d 957, 961 (7th Cir. 1991) (concluding that the Takings Clause does not apply to allegedly improper removal of welfare benefits).

generally accepted standards of decency and morality.'"[26] "To be considered outrageous, the conduct must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair."[27] "The liability [for IIED] clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."[28] Plaintiff's allegations fail to meet this high standard and must be amended.

## III. CONCLUSION

It is therefore

ORDERED that by September 30, 2026, Plaintiff must cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document. The Amended Complaint MAY NOT include claims outside or beyond what was already contained in the complaint originally filed here. If an amended complaint is filed, the Court will screen it for either dismissal or an order effecting service upon valid defendants. If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action may be dismissed without further notice. It is further

ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is again temporarily GRANTED.

---

[26] *Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944, 950 (10th Cir. 2011) (quoting *Oman v. Davis Sch. Dist.*, 194 P.3d 956, 969 (Utah 2008)).

[27] *Oman*, 194 P.3d at 969 (citation omitted).

[28] *Bennett v. Jones Waldo Holbrook & McDonough*, 2003 UT 9, ¶ 64, 70 P.3d 17 (quoting Restatement (Second) of Torts § 46 cmt. d).

DATED this 3rd day of September 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge