IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACK FERM,<br><br>Plaintiff,<br><br>v.<br><br>CASEY CAMERON, et al.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER<br><br>Case No. 4:26-cv-00089-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion to Reconsider.[1] Having carefully considered Plaintiff's Motion and the arguments raised therein, for the reasons below the Court finds no basis to revisit its prior decision.

## I. BACKGROUND

Plaintiff is a recipient of benefits under the Supplemental Nutrition Assistance Program ("SNAP"). Plaintiff previously sought to seal[2] certain information about his receipt of government benefits in his application to proceed in forma pauperis ("IFP application").[3] Plaintiff argued that information contained in the IFP application "includes highly sensitive personal financial data, government benefit information, and details that expose Plaintiff to identity-theft risk and unnecessary public disclosure of poverty-related information."[4] This Court granted Plaintiff's request as to sealing Plaintiff's IFP application,[5] but ordered Plaintiff to file a redacted copy of the

---

[1] Docket No. 19, filed August 19, 2026.

[2] Docket No. 10.

[3] Docket No. 2.

[4] Docket No. 10, at 2.

[5] Docket No. 18.

IFP application, redacting only the month and day of his spouse's birth, and no other personal or financial information contained in the IFP application.[6] Plaintiff now moves for this Court to reconsider, asserting that this Court "did not have the benefit of controlling authority demonstrating that federal courts may seal personal financial information and government-benefit data because such information implicates significant privacy interests that outweigh the presumption of public access."[7] The Court disagrees.

## II. DISCUSSION

"Motions to reconsider are disfavored, to the extent they are recognized at all."[8] "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[9] From the outset, Plaintiff fails to provide valid grounds warranting reconsideration of the Court's previous Order on grounds of misapprehending controlling law. Plaintiff suggests that, because other jurisdictions, namely the Second Circuit, have determined that financial records risk a litigant's privacy interests, the Court should reconsider its position and do similarly here.[10] However, the quotes that Plaintiff puts forth as precedent are all, but for one case, either inaccurate or non-existent in the case he cites in support. This is, at best, suggestive of the use of artificial intelligence ("AI") and, at worst, intentional misrepresentation to the Court. Plaintiff has thus failed to establish that this Court has misapprehended applicable and controlling law as required for reconsideration.

[6] *See* Fed. R. Civ. P. 5.2(a)(2) (providing that a filing that includes an individual's birth date may only include "the year of the individual's birth").

[7] Docket No. 19, at 2.

[8] *Merrill v. Scottsdale Ins. Co.*, No. 2:20-cv-00064-DBB-DAO, 2021 WL 1873961, at *2 (D. Utah May 10, 2021).

[9] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[10] Docket No. 19, at 2–4.

To this point, Plaintiff is reminded that he was just recently cautioned in another of his cases for his use of AI.[11] Likewise here, it appears that Plaintiff continues to use AI to draft his filings. That Plaintiff continues to file legal documents with erroneous case law citations upon which he relies is problematic and has been done to his detriment. Plaintiff is, again, warned against the pitfalls of utilizing AI. To be sure, AI is a useful resource, but it is often a double-edged sword. Legal filings utilizing AI frequently contain hallucinated case citations,[12] and "its careless use can waste both judicial resources and the opposing party's time and money, and it can damage the credibility of the legal system."[13]

Plaintiff is also reminded of his responsibility to participate in the judicial system in accordance with the Federal Rules of Civil Procedure. Specifically, Rule 11(b) establishes that pro se litigants presenting signed pleadings to the court certify that they have "conducted a reasonable inquiry into the facts and the law and [are] satisfied that the document is well grounded in both."[14] "The submission of legal argument premised wholly on nonexistent law generated by artificial

---

[11] *See Ferm v. Agritech Props. et al.*, No. 4:26-CV-00029-DN-PK, 2026 WL 2494719, at *2 n.17 (D. Utah Aug. 25, 2026) ("Mr. Ferm is cautioned against the possible use of artificial intelligence to draft memorandums.") (internal quotation marks and citations omitted).

[12] *See Moore v. City of Del City*, No. 25-6002, 2025 WL 3471341, at *2 (10th Cir. Dec. 3, 2025) ("A hallucination occurs when an AI database generates fake sources of information.") (quoting *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 497 (D. Wyo. 2025)).

[13] *Picon-Diaz v. Bondi*, No. 25-9530, 2026 WL 412348, at *5 (10th Cir. Feb. 13, 2026) (further explaining that "an attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system") (internal alterations and quotation marks omitted).

[14] *Hanson v. Nest Home Lending, LLC*, No. 25-cv-02599-GPG-KAS, 2025 WL 2959293, at *1 (D. Colo. Oct. 17, 2025) (citing *Wadsworth*, 348 F.R.D. at 495).

intelligence is a flagrant Rule 11 violation,"[15] and a pro se plaintiff who fails to comply is vulnerable to the imposition of sanctions.[16]

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 19) is DENIED.

DATED this 8th day of September 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[15] *Id.*

[16] Fed. R. Civ. P. 11(c)(1) ("[T]he court may impose an appropriate sanction on any . . . party that violated [Rule 11(b).]").