THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JACK FERM,<br><br>Plaintiff,<br><br>v.<br><br>CASEY CAMERON, et al.,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER & PRELIMINARY INJUNCTION**<br><br>Case No. 4:26-cv-00089-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

Before the Court is Plaintiff Jack Ferm's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction.[1] Twice previously, Plaintiff has filed similar motions for emergency injunctive relief seeking reinstatement of his SNAP benefits.[2] His first request was rendered moot after he informed the Court that he had received the benefits to which he claimed entitlement.[3] The second was denied by this Court because Plaintiff "failed to make a clear showing that immediate and irreparable injury, loss, or damage [would] result before the adverse party [could] be heard in opposition."[4] In the instant Motion, Plaintiff again asks the Court to prevent the Utah Department of Workforce Services ("DWS") from reducing or altering his SNAP benefits.[5] Plaintiff also asks the Court to immediately restore and freeze his monthly assistance under federal "Aid Paid Pending" during the pendency of the administrative appeal, to order Defendants to provide him with an in-person hearing, and to schedule an expedited preliminary injunction hearing.[6]

[1] ECF No. 36, filed September 17, 2026.
[2] ECF No. 4, filed August 13, 2026; ECF No. 16, filed August 17, 2026.
[3] ECF No. 9, filed August 16, 2026; ECF No. 12.
[4] ECF No. 20 at 2.
[5] ECF No. 36 at 8-9.
[6] ECF No. 36 at 8-9.

Plaintiff represents in his Affidavit that he received a verification notice from DWS on September 16, 2026 (the "Notice").[7] The Notice informed Plaintiff that his SNAP benefits would be reduced from $185.00 to $73.00, effective as of the next public assistance distribution cycle, October 5, 2026.[8] The Notice states a change in countable income as the justification for the reduction in benefits.[9] The Notice reflects an internal generation date of September 2, 2026, but the envelope does not appear to show a date stamp.[10] Plaintiff asserts that the Notice appeared damaged in transit and did not arrive until 14 days later.[11] Plaintiff responded to the Notice on September 17, 2026, faxing a Fair Hearing Request, an Emergency Request for Aid Paid Pending, and a Demand for an In-Personal Administrative Hearing to the Fair Hearings Office.[12] Plaintiff states that on that same morning, September 17, 2026, he received a call from a SNAP administrator informing him that his request for an in-person hearing was denied, but a telephonic hearing would or could be held.[13] It is unclear from Plaintiff's motion whether a telephonic hearing was already scheduled to take place or was merely offered as a possibility, and, if the latter, whether it was refused by Plaintiff. On September 17, 2026, Plaintiff again moved this Court for emergency ex parte injunctive relief.[14]

For the reasons below, the Court denies the Motion.

Federal Rule of Civil Procedure 65(b)(1) provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:

---

[7] ECF No. 36 at 3.
[8] ECF No. 36 at 3-5.
[9] ECF No. 36 at 23, 30.
[10] ECF No. 36 at 22, 23, 29, 30.
[11] ECF No. 36 at 3.
[12] *Id.*
[13] ECF No. 36 at 4.
[14] ECF No. 36.

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant[] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.[15]

Here, Plaintiff has failed to certify in writing any efforts made to give notice to Defendants of his intent to request injunctive relief. Additionally, he has failed to make a clear showing that irreparable injury, loss, or damage will result before the adverse party can be heard in opposition. Plaintiff raises a few facts, such as the immediacy of the pending distribution cycle, that he asserts justify an ex parte temporary restraining order. However, nothing in Plaintiff's materials indicates that the anticipated harm is sufficiently irreparable to justify a restraining order before Defendants are duly notified of these proceedings and given an opportunity to respond. For these reasons, the Court cannot grant Plaintiff's temporary restraining order on an ex parte basis.

Even were notice to have been provided, the Court could still not grant the requested relief in these circumstances as outlined by Plaintiff. "Preliminary injunctive relief—whether a temporary restraining order or a preliminary injunction—'is an extraordinary remedy never awarded as of right.'"[16] Because it is such a "drastic remed[y]—the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief."[17] To establish entitlement to such relief, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the

---

[15] Fed. R. Civ. P. 65(b)(1) (emphasis added).
[16] *Schiermeyer ex rel. Blockchain Game Partners, Inc. v. Thurston*, 697 F. Supp. 3d 1265, 1269 (D. Utah Oct. 9, 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).
[17] *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. Dec. 5, 2011) (citing *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2010)).

equities tips in his favor, and that an injunction is in the public interest."[18] "When the failure to satisfy one factor is dispositive, a court need not consider the other factors."[19]

"'[T]he single most important prerequisite' to preliminary injunctive relief is 'a showing of probable irreparable harm.'"[20] "A party's harm is *irreparable* 'when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain.'"[21] Such harm must also be "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."[22] Furthermore, it is insufficient that a mere "possibility" of irreparable, imminent harm exists; rather, a party seeking preliminary injunctive relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction."[23]

Here, Plaintiff's anticipated injury, the reduction of his SNAP benefits, though sympathetic, is not certainly imminent. As explained in his motion, Plaintiff has appealed this decision and requested a hearing—the result of which may reverse the reduction of his benefits.[24] Plaintiff's motion does not indicate the date on which this hearing would take place; it may have occurred since its filing. Without knowing the timeline of this hearing and the status of Plaintiff's appeal, the Court cannot determine with certainty that the reduction is imminent, regardless of the intent conveyed by the Notice.

Plaintiff's injury also fails to meet the high burden of "irreparable harm." Plaintiff's injury

---

[18] *Winter*, 555 U.S. at 20.
[19] *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 890 (10th Cir. 2021)
[20] *Thurston*, 697 F. Supp. 3d at 1269 (quoting *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017)).
[21] *Id*. (emphasis in original) (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001)).
[22] *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (emphasis in original).
[23] *Winter*, 555 U.S. at 22 (emphasis in original).
[24] ECF No. 36 at 4.

is not irreparable because a monetary remedy after a full trial would be both possible and calculable. Utah Administrative Code expressly provides for retroactive payments if "Aid Paid Pending" is denied. Utah Admin. Code R.986-100-134(6). Further, Plaintiff has failed to show that, should the matter be resolved in his favor, DWS would fail to retroactively make him whole. DWS has already demonstrated, in this case, its willingness to reinstate Plaintiff's benefits after receiving necessary documentation or additional information.[25] Nothing suggests that the possibility of DWS doing otherwise is more than a mere possibility.

Further, even if Plaintiff's injury met the standard of "imminent and irreparable harm," he has not shown that he is "substantially likely to succeed on the merits," particularly in relation to his requests for "Aid Paid Pending" and an in-person administrative hearing.

It is unclear whether Plaintiff would be successful on his claim of entitlement to "Aid Paid Pending" because the Utah Administrative Code gives significant deference to the agency. Under 7 CFR § 273.13(A)(3)(v), a "household retains its right to continued benefits if the fair hearing is requested within the time period set by the State agency in accordance with § 273.13(a)(1)." The Utah Administrative Code states that "[a] client is entitled to receive continued assistance pending a hearing contesting a Department decision to reduce or terminate SNAP or RRP financial assistance if the client's request for a hearing is received no later than 10 days after the date of the notice of the reduction, or termination." Utah Admin. Code R986-100-134(1). Rule 986-100-134(2) allows an exception to timely filing: "[i]f the client can show good cause for not requesting the hearing within 10 days of the notice, assistance *may be* continued if the client can show good cause (as defined in R986-100-131) for failing to file in a timely fashion." Utah Admin. Code R986-100-134(2) (emphasis added). "Good cause" is defined "as a showing that the delay was due

[25] ECF No. 17 ¶ 4.

to circumstances beyond the party's control, or that the delay was due to circumstances that were compelling and reasonable." Utah Admin. Code R986-100-131(2). Rule 986-100-134(6) provides for retroactive payment: "If a decision favorable to a client affected by Subsection (1) is rendered after a hearing, and payments were not made pending the decision, retroactive payment will be paid back to the date of the adverse action if the client is otherwise eligible."

While Plaintiff's delayed receipt of notice and prompt response may qualify as good cause sufficient to entitle him to continued assistance, that outcome is not clearly required by law.[26] Utah Administrative Code states only that "assistance *may be* continued if the client can show good cause," not that it must be. Thus, Plaintiff has not shown that he is likely to succeed on the merits of his claim.

Additionally, Plaintiff fails to demonstrate that his request for an in-person hearing is likely to succeed on the merits. By default, hearings are scheduled as telephone hearings. Utah Admin. Code R986-100-124(5). Requests for in-person hearings are only granted "if the party can show that an in-person hearing is necessary to accommodate a special need or if the ALJ deems an in-person hearing is necessary to ensure an orderly and fair hearing which meets due process requirements." Utah Admin. Code R986-100-124(6)(b). At present, the Court lacks information necessary to weigh these factors.

Plaintiff contends that the refusal of his request for an in-person hearing prevents him "from physically presenting his physical evidence" and "completely strips him of his right to confront."[27] Plaintiff has not demonstrated that a telephonic hearing would preclude him from

[26] Once again, the Court is not aware of how Plaintiff's arguments, here that "good cause" justifies his delayed hearing request, have been treated and addressed, if ever, in any administrative hearing or other communication with DWS.

[27] ECF No. 36 at 4.

submitting copies or photographs of his physical evidence, or that it would prevent participating administrators from considering such evidence or Plaintiff's verbal testimony. Plaintiff has also not articulated why a telephonic hearing would prevent him from confronting any witnesses. Plaintiff does not make clear whether a telephonic hearing would prohibit consideration of his evidence, and without a response from Defendants, the Court cannot determine what administrative difficulties bear on the agency's ability and decision to deny his request. Thus, the Court cannot conclude at this juncture that Plaintiff has met his burden in showing a likelihood of success on the merits.

Plaintiff has not met his "heightened burden to show [he] is likely to prevail on the merits and that [he] would be irreparably harmed if the [temporary restraining order] is denied."[28] As such, he is not entitled to the extraordinary remedy of preliminary injunctive relief.[29]

**ORDER**

Therefore, IT IS HEREBY ORDERED that Plaintiff's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 36) is DENIED.

SIGNED this 2nd day of October 2026.

BY THE COURT:



Ann Marie McIff Allen
United States District Judge

---

[28] *Tickets for Less, LLC v. Cypress Media, LLC*, No. 20-2047-JAR-GEB, 2020 WL 528449, at *4 (D. Kan. Feb. 3, 2020).
[29] *See State*, 989 F.3d at 890.